Pearson, J\
 

 When a tenant, after his term expires, refuses to give up the possession, the lessor is subjected to great inconvenience, and in many cases, to actual loss. lie is unable to sell the land or to lease to another, because, he cannot give possession ; and if he brings an action, besides the delay, he usually has his own costs to pay and loses the profits. A tenant who holds over is apt to be worth nothing, or to be that sort of a man who will put his property out of the reach of creditors, before a judgment can be obtained. For these reasons owners of land were reluctant to make leases, and poor men found it difficult to procure homes. This state of things was not only injurious to these two classes, but affected the whole community. It is against public policy that land should lie idle and be unproductive. To remedy this evil and to encourage the making of leases, was the object of the statute now under consideration.
 

 The first point is, that our case does not come within the operation of the statute ; for, that the defendant did not enter as the tenant of the lessor of the plaintiff, but as the tenant of one from whom he bought the land, pending the lease; and it is contended that although the defendant continued in possession after the sale, as the tenant of the purchaser, yet the statute applies only to cases where the
 
 original
 
 entry was as the tenant of the lessor of the plaintiff.
 

 
 *298
 
 It is certain that our case falls within the mischief for which the statute intended to provide a remedy. Owners of land would be reluctant to make leases, if thereby it was put out of their power to sell, should a good offer be made, unless the purchaser was willing to depend upon the mere promise of the lessee to give up possession at the expiration of the term.
 

 We think it clear that the statute embraces all cases where the relation of lessor and lessee exists between the parties, so that the latter holds possession under the former, without reference to the manner of the original entry. A construction hinging upon the word
 
 enter
 
 would disregard the admonition
 
 quod Kwret in Utero, Kwret in cortice.
 

 But the word enter, in legal parlance is not confined to the original act of going upon the land. There may be an entry in contemplation of law as distinguished from an actual entry; for instance, a lease is renewed and the lessee continues in possession; he is considered as having entered under the new lease, so as to change it from a mere
 
 mteresse termini
 
 into a
 
 term,
 
 without the idle form of going off of the land and coming back again. So in
 
 trespass quare elemsv/mfregit,
 
 laying the trespass with a continuando, or from day to day, to support the action, which is for an injury to the possession, the plaintiff after he regains possession, by the
 
 jus posttiminii
 
 is considered to have been in possession all the time, and the defendant is considered to have entered every day so as commit a series of distinct trespasses ; otherwise the action eoxtld only be maintained for the
 
 original entry.
 
 By parity of reasoning, in contemplation of law, for the sake of the remedy, the defendant may be considered as having entered as the tenant of the lessor of the plaintiff as soon as he acquired the title, and the relation of lessor and lessee was established between them.
 

 The next point is, that the affidavit does not set out the terms of the lease so as to show whether it was a lease for a certain number of years, or from year to year, but contains merely a general statement “ that the defendant’s term had long since—before the commencement of this suit, expired.”
 
 *299
 

 Phelps v.
 
 Long, 9 Ire. 226, is relied on. ¥e can see no reason for requiring the terms of the lease to be set out in the affidavit; the substance is, that there was a lease, and that it has expired; if so, it can make no manner of difference whether it was for five or ten years, or from year to year. It is sufficient to say, that the statute does not require the terms of the lease to be set out. The case cited does not support the objection. The affidavit there did not aver in words that the lease of the defendant had expired, but left it merely as an inference, from the fact that notice to quit had been given in 1843. The Court decide that no such inference can be made, because, taking it to be a tenancy from year to year, it was necessary to state at what time of the year the lease commenced, in order to enable the Court to see whether the notice had been given within reasonable time so as to determine the tenancy, and in that way make the inference that the lease had expired. The plaintiff in his affidavit, having omitted to aver the fact expressly, the question simply was, whether the matters stated were sufficient to enable the Court to supply this omission by making an inference.
 

 The remaining point is, that the affidavit does not allege a demand and refusal to surrender possession, before the action was commenced, but alleges merely that the defendant
 
 rrfuses
 
 to surrender possession, in the present tense, i. e., at the time of filing the affidavit..
 

 A man would hardly bo at the trouble and expense of bringing an action of ej ectmont, unless his tenant, after the expiration of the term, refused to give up the possession ; hence the
 
 cdU.guta
 
 and
 
 probata-
 
 in regard to this matter need not be very strong, because the fact of his bringing the action speaks for itself. In this case, however, besides the allegation that the defendant “ refuses to surrender possession,” there is the allegation that “ the defendant holds over against the will and consent of the affiant, and now pretends to claim title thereto.” So, besides the fact that the lessor was under the necessity of bringing the actiem, we have the further fact, that the elefendant disavows his tenancy and sets up title in himself.
 
 *300
 
 Admitting, therefore, as contended for by the defendant’s counsel, that the proper construction of the statute requires an averment, that the defendant had refused to surrender the possession before tbe action was commenced, we think this averment is substantially made. But a conclusive reply is, the affidavit pursues the very words of the statute, and actually goes further; and if the construction is correct iu regard to the statute, it follows that it must be so iu reference to the iiffidavit.
 

 It was assumed iu the argument, that this is a rigid statute and ought to be construed strictly. It will be seen, that we do not concur in this view of it. It imposes no penalty, and does not deprive the defendant of any vested rights, but simply says to bim, if the plaintiff will make oath that you had possession as his tenant,-['that the lease is expired, and that yon refuse to give np the possession, yon will not be permitted to take advantage of the delay which is incident to the proceedings of the Courts, in order to keep him out of possession, unless you will give security to pay the cost, and the profits of the land, in the event that he recovers against you; and to make this the more reasonable, tbe statute requires that the facts on which the application was founded, that is, a lease, its expiration, and the defendant’s refusal to surrender, must be found by the jury, so as to convict the defendant of wrongfully holding over in violation of his fealty as a tenant. It may as well be said that the statute in regard to the action of replevin is rigid, and ought to be construed strictly.
 

 Per Curiam.
 

 There is no error. Judgment affirmed.